UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEITH DOUGHERTY, | : | |
| | : | |
| Petitioner, | : | Civ. No. 23-22744 (RBK) |
| | : | |
| v. | : | |
| | : | |
| GEORGE WYSOL, et al., | : | **MEMORANDUM & ORDER** |
| | : | |
| Respondents. | : | |

Petitioner is a federal prisoner currently incarcerated at F.C.I. Ashland in Ashland, Kentucky. He is proceeding *pro se* with what has been construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's habeas petition did not include an application to proceed *in forma pauperis*, nor did it include a prepaid $5.00 filing fee. Therefore, this case is administratively terminated. *See* L. Civ. R. 54.3(a). Petitioner shall have the opportunity to reopen this action should he so choose.[1]

Additionally, as noted above, Petitioner is incarcerated in Ashland, Kentucky. To the extent that Petitioner is seeking habeas relief pursuant to 28 U.S.C. § 2241, he should file any such habeas petition in the United States District Court for the Eastern District of Kentucky, not this District. *See, e.g.*, *Gardner v. Williamson*, No. 07-1788, 2008 WL 1752229, at *6 (M.D. Pa. Apr. 14, 2008) (citing 28 U.S.C. §§ 2241(a), 2243); *see also McKnight v. United States*, No. 13-3747, 2014 WL 3748209, at *2 (D.N.J. July 29, 2014). To the extent that Petitioner may be

---

[1] Should Petitioner be seeking some type of non-habeas civil relief, he must either prepay the $402.00 filing fee (this matter was initiated prior to the change in the administrative fee from $52.00 to $55.00 on December 1, 2023) or apply to proceed *in forma pauperis* by a prisoner seeking relief in a civil rights case. If such is the case, it is also highly recommended that Petitioner file his complaint on the blank form supplied by the Clerk. Petitioner should also file an *in forma pauperis* form for prisoners filing a civil rights complaint supplied by the Clerk if he does not prepay the $402.00 filing fee.

seeking some type of relief from his federal criminal judgment of conviction and sentence pursuant to 28 U.S.C. § 2255, he should file such a § 2255 motion in the District where he was convicted, not this Court. *See, e.g.*, *Jones v. Hendrix*, 599 U.S. 465, 480 (2023) (noting that Section 2255 owes its existence to Congress' pragmatic approach that the sentencing court is the best venue for a federal prisoner's collateral attack on his sentence).

Finally, the Clerk initially filed this action under temporary seal out of an abundance of caution due to Petitioner's statement at the top of his habeas petition that he wished to file it under seal. (*See* ECF 1 at 1). However, Petitioner did not file a corresponding motion to seal contrary to L. Civ. R. 5.3(c). Accordingly, the temporary seal in this case will be lifted.

Therefore, IT IS on this 17th day of January, 2024,

ORDERED that the temporary seal placed over this case and the documents filed herein is LIFTED; and it is further

ORDERED that the Clerk shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of a statute of limitations, and that if the case is reopened, it is not subject to a statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); and it is further

ORDERED if Petitioner wishes to reopen this case, he shall so notify this Court in writing within thirty (30) days of the date of entry of this memorandum and order; Petitioner's writing shall include either the $5.00 filing fee or a complete application to proceed *in forma pauperis* to the extent he is seeking habeas relief pursuant to § 2241; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case and either the $5.00 filing fee or a complete application to proceed *in forma pauperis*, the Clerk will be directed to reopen this case; and it is further

ORDERED that the Clerk shall serve upon Petitioner by regular U.S. mail: (1) a copy of this memorandum and order; and (2) a blank form application to proceed *in forma pauperis* by a prisoner in a habeas corpus case; (3) a blank form application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241; (4) a blank form prisoner civil rights complaint; and (5) a blank form application to proceed *in forma pauperis* in a prisoner civil rights case.

s/ Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge