UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH DOUGHERTY, : | |
| : | |
| Petitioner, : | Civ. No. 23-22744 (RBK) |
| : | |
| v. : | |
| : | |
| GEORGE WYSOL, et al., : | **OPINION** |
| : | |
| Respondents. : | |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court in November, 2023. (*See* ECF 1). At the time, Petitioner was incarcerated at F.C.I. Ashland, in Ashland, Kentucky. In January 2024, this Court administratively terminated this action as Petitioner had not paid the filing fee nor had he applied to proceed *in forma pauperis*. (*See* ECF 2). Thereafter, Petitioner paid the $5.00 filing fee applicable to federal habeas corpus petitions such that the Clerk reopened this case. According to the Federal Bureau of Prisons' online inmate locator however, Petitioner is no longer incarcerated at F.C.I. Ashland. Indeed, that inmate locator lists his address at the Residential Reentry Management Office in Philadelphia, Pennsylvania. *See* https://www.bop.gov/inmateloc/ (last visited on May 17, 2024). Petitioner's most recent filing though indicates that his new address is at a reentry center in Scranton, Pennsylvania.

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

As this Court noted in its previous order administratively terminating this case, to the extent that Petitioner is seeking habeas relief pursuant to 28 U.S.C. § 2241, filing such an action in this District where Petitioner was not incarcerated is improper. *See, e.g.*, *Gardner v. Williamson*, No. 07-1788, 2008 WL 1752229, at *6 (M.D. Pa. Apr. 14, 2008) (citing 28 U.S.C. §§ 2241(a), 2243); *see also McKnight v. United States*, No. 13-3747, 2014 WL 3748209, at *2 (D.N.J. July 29, 2014). Furthermore, to the extent that Petitioner may be seeking some type of relief from his federal criminal judgment of conviction and sentence pursuant to 28 U.S.C. § 2255, he should file such a § 2255 motion in the District where he was convicted. *See, e.g.*, *Jones v. Hendrix*, 599 U.S. 465, 480 (2023) (noting that Section 2255 owes its existence to Congress' pragmatic approach that the sentencing court is the best venue for a federal prisoner's collateral attack on his sentence). That District is apparently the United States District Court for the Middle District of Pennsylvania. (*See* M.D. Pa. Crim. No. 19-140). Accordingly, this action, which is construed as a § 2241 habeas petition, will be summarily dismissed.

Finally, the Clerk filed two of Petitioner's recent filings (*see* ECF 4 & 6) under temporary seal out of an abundance of caution due to Petitioner's statement at the top of these filings that he wished to file them under seal.  However, Petitioner has not filed a corresponding motion to seal for either document contrary to L. Civ. R. 5.3(c). Accordingly, the temporary seal on ECF 4 & 6 will be lifted.


DATED:  May 20, 2024                                                                  s/ Robert B. Kugler
                                                                                      ROBERT B. KUGLER
                                                                                      United States District Judge